UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HYUN SOH,                                                                :
                                                                         :
                     **Plaintiff,**                        :
                                                                         :
        -against-                              :        07 Civ. 1207 (HB)
                                                                         :
                                                                         :        **OPINION &**
                                                                         :        **ORDER**
                                                                         :
HEIDI RENEE FOULDS, JEANNE FOULDS, AND.      :
JOHN/JANE DOES 1-5                                              :
                   **Defendants.**                  :
------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff Hyun Soh ("Plaintiff") moves for partial summary judgment as to liability only on his negligence complaint against Defendant Heidi Renee Foulds ("Defendant"). For the reasons set forth below, Plaintiff's motion for partial summary judgment is denied.

## I. FACTUAL BACKGROUND[1]

      Around mid-day on July 10, 2004, Defendant Heidi Renee Foulds was driving on Canal Street near Broadway in New York City. Plaintiff was driving a car directly in front of Defendant, and was rear-ended by Defendant. Defendant alleges that the accident occurred when Plaintiff made a sudden stop in "bumper to bumper" traffic. Plaintiff disputes this account, alleging that he was already at a complete stop at a red traffic signal at the time of the collision.

## II. DISCUSSION

      Summary judgment is granted only when there is no genuine issue of material fact and the moving party is thus entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Further, in determining whether there is a genuine issue of material fact, the Court resolves ambiguities and draws all reasonable references in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).

      At the outset, it is important to note that "summary judgment is 'highly unusual' in a negligence case, because such a case requires a determination of the reasonableness of a party's

---

[1] The following facts are taken from the parties' briefs, exhibits, and affirmations, and are construed in the light most favorable to the non-moving party. They do not constitute findings of fact by the Court.

conduct, and the assessment of reasonableness generally is a factual question to be addressed by the jury.'" Maizous v. Garraffa, 2002 U.S. Dist. LEXIS 13544, at *6 (E.D.N.Y. Apr. 30, 2007) (citing King v. Crossland Sav. Bank, 111 F.3d 251, 25 (2d Cir. 1997)). Furthermore, "[e]ven though a rear-end collision with a stopping or stopped vehicle constitutes a *prima facie* case of liability [under New York law], the driver of the rear car can rebut this presumption by offering a non-negligent reason for the accident, such as evidence that the Plaintiff contributed to the accident." Deraffele v. Kennedy, 2005 U.S. Dist. LEXIS 8608, at *3 (S.D.N.Y. Apr. 15, 2005). Such non-negligent explanations include "mechanical failure, unavoidable skidding on wet pavement, a sudden stop of a vehicle, or any other reasonable explanation." Mangual v. Pleas, 2004 U.S. Dist. LEXIS 5749, at *10 (S.D.N.Y. Apr. 5, 2004).

In the present case, Defendant contends that traffic was "bumper to bumper" and that Plaintiff came to a sudden stop in front of her, causing Defendant to hit the rear of Plaintiff's car.[2] This explanation alone gives rise to a triable issue of fact.

### III. CONCLUSION

Because material issues of fact remain on the issue of liability, Plaintiff's Motion for Partial Summary Judgment is DENIED.

The Clerk is instructed to close this Motion and remove it from my docket.

**SO ORDERED,**
**October 2, 2007**
**New York, New York**

U.S.D.J.

---

[2] Plaintiff points out that in another interrogatory answer, when asked to "state the speeds of all vehicles involved in the collision," Defendant responded "At the time of the accident, the motor vehicles were traveling approximately 5 miles per hour." Plaintiff's Motion for Partial Summary Judgment (Pl. Mot.), Exhibit B. Presumably, Plaintiff means to point out the discrepancy in Defendant's two statements that she hit Plaintiff because Plaintiff had stopped, and that Plaintiff was traveling 5 miles an hour. However, drawing inferences in favor of the non-moving party—as required on a Motion for Summary Judgment—Defendant's answer to this second interrogatory may be read to mean "prior to the sudden stop, the vehicles were traveling 5 miles an hour." In short, the circumstances surrounding the accident are a question of fact for the jury.

2